SEBASTIAN AND JUANA SOLIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Solis v. Commissioner
Docket No. 12102-94.
United States Tax Court
T.C. Memo 1995-380; 1995 Tax Ct. Memo LEXIS 380; 70 T.C.M. (CCH) 362; August 10, 1995, Filed *380 An Order granting respondent's Motion for Partial Summary Judgment that for 1990 petitioners are liable for a fraud penalty on the underpayment attributable to the San Raphael house will be issued. Franklin R. Hise and Blaise Gately Dusenberry, for respondent. ARMEN, Special Trial Judge ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This matter is presently before the Court on respondent's Motion for Partial Summary Judgment that petitioners are liable for a penalty for fraud under section 6663(a) for the taxable year 1990. [1] As explained in more detail below, we agree with respondent that partial summary judgment is appropriate. Background
On April 7, 1994, respondent mailed a notice of deficiency to petitioners. In said notice, respondent determined deficiencies and penalties in petitioners' Federal *381 income taxes as follows: Penalty
Year
Deficiency
Sec. 6663(a)
1990
$ 69,003
$ 47,018
1991
9,430
7,073
1992
10,466
7,850
Petitioners filed a timely petition for redetermination with the Court on July 11, 1994. [2] The petition was executed by both petitioners and their present counsel of record. On September 6, 1994, respondent filed a motion to extend time within which to answer. The Court then issued a Notice of Filing to petitioners, through their counsel of record, affording them the opportunity to file a notice of objection. No response was received, and the Court granted respondent's motion. Respondent timely filed an answer on October 17, 1994. In her answer, respondent conceded the penalties for fraud under section 6663(a) for the taxable years 1991 and 1992. Respondent then set forth affirmative allegations in her answer in support of her determination that petitioners are liable for the penalty for fraud *382 under section 6663(a) for the taxable year 1990. Respondent also set forth affirmative allegations in her answer that petitioners are liable for accuracy-related penalties under section 6662(a) for the taxable years 1991 and 1992. Petitioners failed to file a reply to respondent's answer within the 45-day time period prescribed in Rule 37(a). This failure prompted respondent to file, pursuant to Rule 37(c), a motion for entry of order that undenied allegations in answer be deemed admitted. Petitioners, through their counsel of record, were notified of the filing of respondent's Rule 37(c) motion by Notice of Filing dated December 21, 1994. Because petitioners failed to respond to the Notice of Filing and failed to file a reply to respondent's answer, the Court subsequently granted respondent's motion on January 23, 1995, and the undenied allegations set forth in respondent's answer were deemed to be admitted. [3] See ; . *383 As indicated, respondent now moves for partial summary judgment with respect to petitioners' liability for the penalty for fraud under section 6663(a). By Notice of Hearing dated April 18, 1995, respondent's Motion for Partial Summary Judgment was calendared for hearing at the motions session of the Court in Washington, D.C., on May 31, 1995. Counsel for respondent appeared at the hearing and argued in support of the motion. No appearance was made by or on behalf of petitioners at the hearing, nor did petitioners file a statement with the Court pursuant to Rule 50(c). [4]
The Notice of Deficiency
In the notice of deficiency, respondent determined that petitioners had unreported income for 1990 in the amount of $ 26,700 computed by reference to data published by the United *384 States Bureau of Labor Statistics (the unreported BLS income). [5] Respondent also determined that petitioners had additional unreported income for 1990 in the amount of $ 150,000 computed by reference to cash payments made to build and furnish petitioners' personal residence at 2309 San Rafael in Brownsville, Texas (the unreported San Raphael house income). [6] Finally, respondent determined that petitioners realized income from discharge of indebtedness for 1990 in the amount of $ 36,039 in respect of the foreclosure on real property located in Garland, Texas. [7]
*385 In the notice of deficiency, respondent further determined that petitioners were liable for the penalty for fraud under section 6663(a) for 1990 in respect of the underpayment of tax attributable to the unreported BLS income and the unreported San Raphael house income. Facts Deemed Admitted
Petitioners fraudulently and with the intent to evade tax failed to produce any documents or records to support the amount of income that they received for the taxable year 1990. Accordingly, respondent was forced to determine petitioners' income for that year by reference to data published by the United States Bureau of Labor Statistics and by reference to cash payments made to build and furnish petitioners' personal residence at 2309 San Rafael in Brownsville, Texas (the San Raphael house). Petitioners constructed the San Raphael house in 1990. Petitioners' failure to produce records or other information as to the specific source of income used to acquire, construct, and furnish the San Raphael house was fraudulent with the intent to evade tax. Petitioners fraudulently with the intent to evade tax made false and misleading statements to respondent by alleging that they never owned *386 the San Raphael house, and that they never hired anyone to build that house. In point of fact: (1) Petitioner Juana Solis acquired the lot on which the San Raphael house is built from Cholotova Sanchez for $ 6,500 on March 6, 1990; (2) petitioner Juana Solis filed an application for a building permit on March 16, 1990, with the City of Brownsville, Texas, for a home with a preconstructed estimated cost of $ 62,050; (3) an Elevation Certification by the Federal Emergency Management Agency National Flood Insurance Program was made for the San Raphael house on March 20, 1990, listing petitioner Juana Solis as the owner; (4) petitioner Juana Solis applied to the Public Utilities Board of the City of Brownsville, Texas, for the installation and access of water and waste water service for the San Raphael house; (5) petitioner Sebastian Solis hired Tony Pinea on March 22, 1990, as a subcontractor for work to be performed on the San Raphael House and paid him $ 6,000 for labor performed on the house; (6) petitioner Sebastian Solis paid Alfredo Arambul of Real Plumbing $ 3,000 in cash on April 4, 1990, for plumbing work on the San Raphael house; (7) petitioner Juana Solis obtained an *387 electrical building permit on August 13, 1990, from the Building Inspections Department of the City of Brownsville, Texas, for the San Raphael house; (8) petitioner Sebastian Solis hired Robert Saucedo of Arms Electric to perform electrical work on the San Raphael house and paid him $ 4,000 in cash for his services; and (9) petitioner Juana Solis applied to the Engineering Department of the City of Brownsville, Texas, for the assignment of a house address for the San Raphael house. The San Raphael house was built with the proceeds from dealing in drugs. Petitioners fraudulently and with the intent to evade tax transferred the San Raphael house into the name of a nominee, namely, Benito Rangel, the brother-in-law of petitioner Juana Solis, by warranty deed dated March 12, 1991. The San Raphael house was put into the name of another person so that it could not be traced to petitioners. Petitioners' income tax return for 1991 did not reflect the transfer of the San Raphael house to Benito Rangel. The San Raphael house was seized by deputies of the Cameron County Sheriff's Department, in conjunction with deputies of the United States Border Patrol and the United States Customs Service, *388 on the basis that it was purchased with money from drug-trafficking. Petitioners fraudulently and with the intent to evade tax reported total income of only $ 12,451, and no taxable income, on their income tax return for the taxable year 1990. Petitioners understated their income on their 1990 return by over $ 200,000 and their tax liability on that same return by some $ 69,000. Petitioners fraudulently and with the intent to evade tax failed to report in income on their 1990 income tax return the $ 150,000 used to acquire, construct, and furnish the San Raphael house. Petitioners' failure to produce documents and records in respect of the examination of their 1991 and 1992 income tax returns, together with petitioners' fraudulent omission of income on those returns, demonstrate a 3-year pattern of intent to evade tax. Discussion
Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. . Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, *389 admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); , affd. ; ; . The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. ; . The factual allegations deemed admitted under Rule 37(c) establish that petitioners failed to report on their 1990 income tax return the $ 150,000 used to acquire, construct, and furnish the San Raphael house. Section 6663(a) provides that if any part of the underpayment of tax required to be shown on the return *390 is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud. [8]
Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. , affg. ; , affg. , and cases cited therein. Respondent has the burden to prove fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Fraud is a question of fact to be resolved upon consideration of the entire record and is never presumed. . Respondent's burden of proving *391 fraud can be met by facts deemed admitted pursuant to Rule 37(c). ; see . In the instant case, petitioners are deemed to have admitted, pursuant to Rule 37(c): (1) They fraudulently and with the intent to evade taxes failed to report on their income tax return for 1990 the $ 150,000 use to acquire, construct, and furnish the San Raphael house; and (2) a part of the underpayment of tax required to be shown on their 1990 income tax return is due to fraud. We hold that the facts deemed admitted pursuant to Rule 37(c) satisfy respondent's burden of proving fraud. . Those facts prove that petitioners fraudulently and with the intent to evade taxes failed to report income on their 1990 return and that the part of the underpayment of tax attributable to the San Raphael house and required to be shown on that return is due to fraud. Consequently, respondent is entitled to partial summary judgment that petitioners are liable for the penalty for fraud under section *392 6663(a) for 1990. In order to reflect our conclusions herein, An Order granting respondent's Motion for Partial Summary Judgment that for 1990 petitioners are liable for a fraud penalty on the underpayment attributable to the San Raphael house will be issued. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time that the petition was filed, petitioners resided in Dallas, Texas.↩
3. The Notice of Filing expressly advised petitioners of the potential consequences that would attend a failure to file a reply. In this regard, the Notice of Filing stated as follows: You are hereby notified that the respondent * * * filed a motion in the above-entitled case for an order that the specified affirmative allegations in the answer be deemed admitted. If petitioner files a reply as required by Rule 37(a) and (b) of this Court's Rules * * * respondent's motion will be denied. If petitioner does not file a reply as directed herein, the Court will grant respondent's motion and deem admitted for purposes of this case the affirmative allegations in the answer.↩ [Emphasis added.]
4. Petitioners were reminded of the applicability of Rule 50(c) in the Court's Notice of Hearing dated April 18, 1995, and expressly advised that they could submit a written statement in lieu of (or in addition to) attendance at the hearing.↩
5. Respondent determined this amount by reducing petitioners' BLS-computed income of $ 39,151 by the amount of income reported by petitioners' on their 1990 income tax return, i.e., $ 12,451.↩
6. This amount was determined as follows: Item
Cost
Lot
$   6,500
Structure
84,000
Plumbing
3,000
Electrical
2,400
Mechanical
4,500
Satellite dish and
components
3,000
Chandeliers
8,000
Additional furnishings
and appliances
40,000
$ 151,400
Respondent then rounded this amount to $ 150,000.↩
7. This amount was determined as follows: ↩
Balance due on mortgage note
$ 88,039
Less: sales price at foreclosure sale
52,000
Forgiveness by Weyerhaeuser Mortgage Co.
$ 36,039
8. Respondent determined that the portion of the underpayment due to fraud for 1990 is $ 62,690. Seventy-five percent of that amount is $ 47,018.↩